UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL COLON,

    Plaintiff,

v.                                      Case No. 8:24-cv-2960-TPB-CPT

DEPUTY PERDOMO,
CORPORAL LATIFF,
DEPUTY R. FREDRICKSON, and
DEPUTY HILLDGERS,

    Defendants.
_____/

**ORDER**

Michael Colon, a pretrial detainee in the Hernando County Detention Center, sues Deputy Perdomo, Corporal Latiff, Deputy R. Fredrickson, and Deputy Hilldgers[1] for federal civil rights violations under 42 U.S.C. § 1983. He proceeds on his original Complaint. (Doc. 1) The defendants move to dismiss the Complaint (Doc. 17), and Colon files a response in opposition. (Doc. 24) For the reasons explained herein, the motion to dismiss is **GRANTED**. The Complaint is dismissed without prejudice and with leave to amend.

---

[1] The defendants' full names are Deputy Marcos Perdomo, Corporal Anthony R. Latiff, Deputy Rashawn Fredericks, and Deputy Devin J. Hilgers. (Doc. 17 at n.1) If Colon chooses to file an amended complaint, he should properly identify the defendants in that pleading with their full names.

I.    **Complaint**

Colon sues Deputies Perdomo, Frederickson, and Hilldgers and Corporal Latiff in their individual capacities for using excessive force in violation of his Fourth[2] and Eighth[3] Amendment rights while he was detained in the Hernando County Detention Center. He seeks to recover compensatory and punitive damages. Colon alleges the following facts in support of those claims.

On October 24, 2024, between 7:00 a.m. and 7:30 a.m., Colon was attempting to walk to court when "words were exchanged" between Colon and Deputy Perdomo. (Doc. 1 at 8) Deputy Perdomo twice shoved Colon. (*Id.*) Colon "pulled away" from Deputy Perdomo and told him to stop, but Deputy Perdomo "smashed [Colon's] face into the wall" and "slammed [him] on the floor[.]" (*Id.* at 8–9) Colon was put into "different submission moves for no reason," his face was pressed onto the floor, and his wrist and ankle were twisted. (*Id.* at 9) Colon did not resist while he was on the ground. (*Id.*)

---

[2] The defendants argue, and Colon concedes, that the Fourth Amendment is inapplicable because the alleged incidents occurred at the Hernando County Detention Center and not during Colon's arrest. (Doc. 17 at 6; Doc. 24 at 3); *see Fennell v. Gilstrap*, 559 F.3d 1212, 1215 n.4 (11th Cir. 2009) (citing *Garrett v. Athens-Clarke County, Ga.*, 378 F.3d 1274, 1279 n.11 (11th Cir. 2004)) ("If [the] excessive force claim arises out of events occurring during an arrest, the Fourth Amendment governs. If [the] claim arises out of events occurring while plaintiff is a pretrial detainee, the Fourteenth Amendment governs.").

[3] "The Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Moreover, "[a] claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment. . . . Thus, we look to decisional law of excessive-force claims under both the Fourteenth and Eighth Amendments." *Fennell*, 559 F.3d at 1217 n.5.

Colon was handcuffed, and Deputy Perdomo and another unnamed deputy escorted him to court. (*Id.*) Deputy Perdomo "purposely began digging his fingers into [Colon's] arm . . . because [Colon] was cursing at him [and] threatening to sue him." (*Id.*) Colon arrived in court "all beat up and bruised on [his] face," left knee, neck, and back. (*Id.*) When he returned from court, Colon was placed in solitary confinement because "[Deputy] Perdomo lied in retaliation and to justify him beating [Colon]." (*Id.*)

As a result of this incident, Colon suffers from neck and back pain, as well as scratches and bruises on his knee, back, and wrists. (*Id.*) Additionally, this incident has affected Colon's symptoms of post-traumatic stress disorder. (*Id.*) Colon seeks to recover $5,000.00 in compensatory damages from each defendant and $10,000.00 in punitive damages from Deputy Perdomo for retaliating against him.[4]

## II.   Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions, and

---

[4] Although Colon lists Hernando County as a fifth defendant in his Complaint, Colon notifies the Court that he wishes to proceed with only his claims against the four individual defendants. (Doc. 27) Colon's claim against Hernando County was dismissed without prejudice. (Doc. 26)

formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. Analysis

### A. Excessive Force

To prevail on an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Courts consider the following factors in determining whether the force used on a pretrial detainee was excessive: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was

4

actively resisting. *Patel v. Lanier Cty., Ga.*, 969 F.3d 1173, 1182 (11th Cir. 2020). "These considerations should be made without regard for the officer's subjective intent or motivation." *Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022).

Colon's allegations lack sufficient details about the "facts and circumstances" surrounding the use of force. *Kingsley*, 576 U.S. at 397. In his Complaint, Colon provides few details about the amount of force used, the circumstances that prompted the use of force, or the extent of the injuries he sustained. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992) ("*[D]e minimus* uses of physical force" do not constitute excessive force because "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). And, although he includes some factual detail concerning Deputy Perdomo's alleged actions, he neglects to describe how the remaining defendants used excessive force. A claim under § 1983 "requires proof of an affirmative causal connection between the actions taken by a *particular person* under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (emphasis added).

It is not until his response to the defendants' motion to dismiss that Colon attempts to modify and bolster his excessive force claim by inserting additional detail into his allegations. For example, he clarifies that he "was

5

not disobeying any orders nor was he resisting" when Deputy Perdomo shoved him. (Doc. 24 at 3)  He explains that "after Perdomo pushed him the second time, Corporal Latiff slammed [him] against the glass wall . . . causing him pain in the face." (*Id*.)  He argues that after he was being held on the ground "in submission," "Perdomo got on [his] back shoving his knee into [Colon's] back and bending [his] right arm." (*Id*. at 4)  He concedes that Deputy Hilldgers held his left arm "in a normal manner" while Perdomo bended and squeezed his right arm. (*Id*.)  He specifies that Corporal Latiff ordered him into solitary confinement after "Perdomo lied and said [Colon] threatened him." (*Id*.)

Some of these allegations, if contained in his Complaint and accepted as true, may support a claim of excessive force. "[T]he continuing use of force is impermissible when a detainee is complying, has been forced to comply, or is clearly unable to comply." *See Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 953 (11th Cir. 2019).  On the other hand, the use of force on an inmate is not excessive when the inmate refuses to follow an officer's verbal commands and physically resists an officer who is attempting to bring the inmate into compliance. *See Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1300, 1306 (11th Cir. 2009).  Nevertheless, these additional details are absent from Colon's Complaint, and a complaint may not be amended by briefs in opposition to a motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011).

### B. Leave to Amend

Based on Colon's attempt to bolster his Complaint with additional detail in his response to the motion to dismiss, the Court concludes that dismissal without prejudice is appropriate. And, because this is the first time the Court has explained the type of allegations necessary to state a claim for excessive force and has identified pleading deficiencies, the Court will permit Colon an opportunity to file an amended complaint in which he may attempt to state a claim for excessive force. *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ([B]efore dismissing a complaint, a district court must give a *pro se* party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim.") (quotations omitted); *see also Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a complaint, a *pro se* plaintiff must be given at least one chance to amend before it is dismissed with prejudice. . . . Absent of one of [two exceptions not applicable here], a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." (internal quotation marks and citation omitted)).

Colon's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a *pro se* party

must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Rule 8 provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("The contours of an asserted constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.") (quotations omitted). Colon must separate each cause of action against each defendant into a different count. Pursuant to Fed. R. Civ. P. 10(b), the amended complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Colon must clearly specify which defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cty.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th

Cir. 2006) (affirming dismissal of pro se § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants").

**IV. Conclusion**

Accordingly, for the reasons explained herein, the motion to dismiss is **GRANTED** as follows:

1. Colon's claim of excessive force is **DISMISSED WITHOUT PREJUDICE**.

2. Colon may file an amended complaint consistent with this order no later than **December 15, 2025**.

    a. The amended complaint will supersede the original complaint. Therefore, the amended complaint must contain all claims for relief.  It must not refer to or incorporate the original complaint.

    b. If Colon fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time

to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Colon must advise the Court of any change of address. The failure to comply with this order will result in the dismissal of this case without further notice.

DONE and ORDERED in Chambers in Tampa, Florida, this 13th day of November, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**